PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2002 Saturn struck the berm as he was traveling on US Route 20, one quarter mile south of the Johnstown Exit, in Harrison County. US Route 20 is a public road maintained by respondent. The Court is of the opinion to deny the claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 2:30 p.m. on September 29, 2005. The speed limit on US Route 20 is fifty-five miles per hour. At the time of the incident, claimant was driving at approximately fifty miles per hour. There was a tractor trailer and another vehicle in front of the tractor trailer traveling slowly in front of him. Claimant was watching the tractor trailer to see if it was going to pass the vehicle, but it could not do so due to oncoming traffic. The claimant became distracted, and his vehicle drifted over to the edge of the road. Consequently, claimant’s vehicle’s right front tire dropped off the blacktop and onto the berm. The berm was between nine and ten inches below the surface of the road. When claimant’s vehicle struck the berm, the vehicle turned over sideways and flipped on its top. Claimant testified that he travels this road on a daily basis and was aware of the condition of the berm. Claimant’s vehicle was totaled as a result of this incident.
When asked whether the he was forced over the edge of the road, the claimant responded, “No, no. I did it and I’ll take that responsibility. I mean I know that I drove the car over to the edge of the road. I was totally in control.”
The position of the respondent is that since the berm was not used in an emergency situation, respondent cannot be held liable. Respondent did not present *91 a witness at the hearing.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
The Court has previously held the Division of Highways liable where the driver of the vehicle was forced to use the berm in an emergency situation, and the berm was in disrepair. See Handley v. Division of Highways, CC-08-0069 (issued October 6, 2008); Warfield v. Division of Highways, CC-08-0105 (issued August 4, 2008). Be that as it may, the Court cannot hold respondent liable for failure to maintain the berm when the berm was not used in an emergency situation. See Daugherty v. Division of Highways, CC-08-0175 (issued October 1, 2009). In the instant case, claimant testified that he was distracted when his vehicle’s tire dropped off the surface of the road. Thus, the Court finds that there is insufficient evidence of negligence on the part of respondent upon which to base an award.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.